FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MAR 1 4 2008
Mar 14, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| AMFM Broadcasting, Inc., a Delaware<br>Corporation, d/b/a Clear Channel<br><br>Plaintiff,<br><br>v.<br><br>Citadel Broadcasting Corporation, a Nevada<br>Corporation, and Rebecca Osowiec, an Illinois<br>resident.<br><br>Defendants. | Case No. 08 CV 1519<br><br>Honorable Judge James B. Zagel<br><br>Magistrate Judge Morton Denlow |

## PLAINTIFF'S MOTION FOR LIMITED,
## EXPEDITED DISCOVERY AND TO PRESERVE EVIDENCE

Pursuant to Rule 26(d) of the Federal Rules of Civil Procedure, Plaintiff AMFM

BROADCASTING, INC. d/b/a Clear Channel (collectively "Clear Channel") moves this Court

for leave to conduct limited, expedited discovery on issues raised by Clear Channel in its

Emergency Motion for Temporary Restraining Order and Preliminary Injunctive Relief and for

an order directing Defendants CITADEL BROADCASTING CORPORATION, ("Citadel") and

REBECCA OSOWIEC ("Osowiec") to preserve all originals and copies of hard copy and

electronic evidence, including but not limited to all disks, personal data assistants, hard drives

and electronic storage devices in his possession, custody or control to which either Citadel or

Osowiec had access and on which Clear Channel's information may currently or have previously

existed and all electronic mail, electronic mail accounts, and printouts of those emails, in their

personal email accounts. In support of this Motion, Clear Channel states as follows:

1.      Clear Channel has brought this action seeking injunctive and other relief against

Citadel and Osowiec, Osowiec is a former employee and Citadel is her current employer and a

competitor, alleging violations of the Illinois Trade Secrets Act, 765 ILCS 1065/1 *et seq.* and the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.* and for breach of contract and conversion.

2.      Clear Channel has filed a Verified Complaint and an Emergency Motion For Temporary Restraining Order and Preliminary Injunction which fully detail the facts giving rise to this action. In summary, upon information and belief, Osowiec improperly and unlawfully removed confidential and proprietary information without Clear Channel's authorization from Clear Channel and attempted to conceal such removal upon Osowiec's voluntary resignation from Clear Channel.

3.      To present the facts of this case to the Court as completely as possible for purposes of Clear Channel's Motion for Preliminary Injunction and to discover the full extent of Osowiec's unlawful activities and the corresponding damage being done or already done to Clear Channel, Clear Channel must conduct certain limited, expedited discovery. Specifically, Clear Channel wishes to obtain documents and other tangible items, conduct a forensic examination of any computers, hard drives or other electronic media storage devices that may contain Clear Channel's confidential and proprietary information, inspect  Osowiec's personal email accounts for emails sent from their Clear Channel email account, take Osowiec's oral depositions, take certain other Citadel employees' depositions, including, Dan Manilla, Gail Bylin, and John Gallagher, as well as propound limited interrogatories.

4.      If Clear Channel is required to wait to take discovery in the normal course, it will be forced to present its Motion for a Preliminary Injunction on an incomplete record and will continue to suffer irreparable injury while discovery proceeds in the ordinary course. On the

-2-

other hand, by allowing expedited discovery, the Court will be in a better position to consider Clear Channel's Motion for a Preliminary Injunction.

5.      Rule 26(d) of the Federal Rules of Civil Procedure authorizes this Court to enter an Order permitting expedited discovery, and expedited discovery is appropriate in connection with preliminary injunction motions seeking to prevent irreparable injury.  *See Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 844 (D. D.C. 1996) ("Expedited discovery is particularly appropriate when a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings"); *Edudata Corp. v. Scientific Computers, Inc.*, 599 F. Supp. 1084, 1088 (D. Minn. 1984) (expedited discovery would "better enable the court to judge the parties' interests and respective chances for success on the merits" at a preliminary injunction hearing); *Consumer Sales & Marketing, Inc. v. Digital Equip. Corp.*, 1995 U.S. Dist. LEXIS 13374 (N.D. Ill. Sept. 11, 1995) (extending temporary restraining order and allowing expedited discovery to prepare for preliminary injunction hearing); Advisory Committee Notes to Fed. R. Civ. P. 26(d) ("Discovery can begin earlier . . . in some cases, such as those involving requests for a preliminary injunction . . .").

6.      Here, the limited, expedited discovery Clear Channel seeks is simply to require Citadel and Osowiec to produce certain documents and things, to answer interrogatories, to appear for their deposition, and to permit Clear Channel to examine Osowiec's personal email accounts and computers and other media storage devices, that may contain Clear Channel's confidential and proprietary information.

7.      Clear Channel is fully prepared to issue discovery upon entry of an order granting this motion.

-3-

8.      In addition, in order to allow the Court to effectively and completely evaluate the evidence relevant to this matter, Clear Channel respectfully requests an Order preserving all evidence relevant to the determination of Clear Channel's claims. This includes, but is not limited to, hard copy or electronic files or documents, computer files, hard drive data, ambient data, electronic mail messages, instant messages, contracts, invoices, and phone logs in Citadel's or Osowiec's custody or control or otherwise available to Citadel or Osowiec concerning or relevant to the issues set forth in the Verified Complaint.

9.      While an Order preserving evidence will not prejudice Citadel or Osowiec, it will ensure that the Court has all the relevant information available to it as it considers Clear Channel's claims and the damage that Clear Channel has suffered as a result of Citadel and Osowiec's conduct.

WHEREFORE, Plaintiff Clear Channel Broadcasting, Inc. respectfully requests that the Court enter an Order:

a)  requiring Citadel and Osowiec to respond to Clear Channel's written discovery within seven (7) days of service;

b)  requiring Citadel and Osowiec to produce for inspection, within seven (7) days, any and all electronic devices that may contain Clear Channel's trade secrets and other confidential information, including, but not limited to, any home and work computers, flash drives, PDAs, and other external storage devices;

c)  requiring Citadel and Osowiec to provide access for inspection, within seven (7) days, all email accounts to which Citadel and Osowiec have access;

d)  requiring Citadel and Osowiec to appear for their depositions no later than March 31, 2008; and

e)  requiring the preservation of all evidence relevant to the facts and circumstances alleged in Clear Channel's Verified Complaint.

A proposed Order is annexed as Exhibit A.

-4-

**DATED: March 14, 2008**

Respectfully submitted,

AMFM BROADCASTING, INC.

By _____ /s/ Yvette A. Heintzelman _____
One of Its Attorneys

Yvette A. Heintzelman
Justin K. Beyer
SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603
(312) 460-5000

-5-

CH1 11433054.2

A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| AMFM Broadcasting, Inc., a Delaware Corporation, d/b/a Clear Channel | ) ) ) | |
| Plaintiff, | ) ) ) | Case No. 08 CV 1519 |
| v. | ) ) | Honorable Judge James B. Zagel |
| Citadel Broadcasting Corporation, a Nevada Corporation, and Rebecca Osowiec, an Illinois resident, | ) ) ) ) | Magistrate Judge Morton Denlow |
| Defendants. | ) ) ) | |

## TEMPORARY RESTRAINING ORDER

Plaintiff AMFM Broadcasting, Inc., doing business as Clear Channel (collectively "Clear Channel") having filed a Verified Complaint for Injunctive and Other Relief, and Emergency Motion for a Temporary Restraining Order and a Preliminary Injunction, all parties being given notice, and the Court having heard the arguments of counsel and otherwise being advised in the premises;

IT IS ORDERED that Plaintiff's Motion is granted as follows:

1.     That Defendants, along with their respective agents, employers, employees, attorneys and those persons in active concert or participation with them, be temporarily and preliminary enjoined from:

      (a)    Violating, directly or indirectly, Rebecca Osowiec's Employment Agreement with Clear Channel Broadcasting, Inc., specifically the section relating to Osowiec's non-disclosure, non-competition, and non-solicitation agreement with Clear Channel;

      (b)    Misappropriating or threatening to misappropriate Clear Channel's trade secrets and confidential information and that Defendants be specially required to return to Clear Channel all trade secrets and confidential information in their possession, including all copies thereof;

> (c)   Revealing or utilizing Clear Channel's proprietary information, trade secrets and confidential information;
>
> (d)   Soliciting or attempting to provide media advertising to Broadway In Chicago, Natural Hair Growth, Paramount Theatre, and other unknown customers.

2.   That a hearing shall be held on Clear Channel's application for a preliminary injunction on _____, 2006 at _____.

3.   That bond shall be filed by Clear Channel in the sum of $_____.

4.   That Clear Channel is granted leave to conduct expedited discovery, including depositions, limited to the issues raised in its Verified Complaint, and that Defendants are required to respond to written discovery within three (3) days of service.

5.   This Order shall be effective until _____, 2008 at _____, and no longer without the further order of the Court.

_____
JUDGE

DATED: _____

**Prepared By:**
Yvette A. Heintzelman
Justin K. Beyer
SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603
(312) 460-5000