## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| AMFM Broadcasting, Inc., a Delaware Corporation, d/b/a Clear Channel<br><br>Plaintiff,<br><br>v.<br><br>Rebecca Osowiec, an Illinois resident, and Citadel Broadcasting Corporation, a Nevada Corporation.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No.  08 CV 1519

Honorable Judge James B. Zagel

Magistrate Judge Morton Denlow

Jury Trial Demanded

## PLAINTIFF'S MOTION TO COMPEL RESPONSES TO DISCOVERY

NOW COMES Plaintiff AMFM Broadcasting, Inc. d/b/a Clear Channel, by and through its attorneys, and pursuant to Rules 26 through 37 of the Federal Rules of Civil Procedure, hereby files its Motion to Compel Responses to Discovery.

1.      On March 14, 2008, Plaintiff filed its Verified Complaint, Motion for Entry of a Temporary Restraining Order and Motion for Expedited Discovery.  On March 17, 2008, granted Plaintiff's Motion for a Temporary Restraining Order and for Expedited Discovery and set the hearing for March 25, 2008.  On March 20, 2008, the Court entered the parties' agreed order to continue the hearing and discovery for status until March 27, 2008.

2.      Ultimately, on April 7 and 8, 2008, the parties engaged in an evidentiary hearing concerning the continuance of the temporary restraining order.  On April 22, 2008, the Court entered its order on Plaintiff's Motion for a Temporary Restraining Order.

3.      Since entry of the Court's order on April 22, 2008, Plaintiffs have requested that

Defendants respond to the outstanding discovery and begin scheduling depositions. On April 21, 2008, Plaintiff sent to Defendant Notices of Depositions of Rebecca Osowiec, Dan Manilla, Gail Bylin, John Gallagher and Jackie Savier. *See Exhibit A.*

4.     On April 22, 2008, Defendants' counsel, Sue Benton, responded by stating that the parties needed to prepare a joint scheduling order in order for discovery to begin. *See Exhibit B.* Local Rule 26.1 does not require a Joint Scheduling Order to be in place absent a court order. More importantly, Plaintiff offered to accept the documents and schedule the dates according to the witness' availability. Ms. Heintzelman also provided Plaintiff's initial disclosures in order to expedite the discovery process. *See Exhibit C.*

5.     Plaintiff, however, received no response. Accordingly, on April 28, 2008, Ms. Heintzelman spoke to Ms. Benton who refused to respond to any outstanding discovery until the Court entered a discovery deadline for both parties. Other than as a pure stalling tactic, Citadel's position makes no sense. Regardless of any eventual discovery deadline, Citadel is late in responding to outstanding written discovery and refuses to provide a date to produce documents or to schedule depositions. Even without an expedited discovery schedule, Defendant was served the requests more than 30 days prior.

6.     Ms. Heintzelman further asked for dates when Defense counsel would produce documents and make witnesses available. Ms. Benton refused to provide such dates before the status conference. *See Exhibit D.*

WHEREFORE, Plaintiff respectfully requests that the Court enter an order compelling Defendants to respond to Plaintiff's document request within seven days, or no later than May 11, 2008. Plaintiff's further request that the Court order Defendants to provide dates for which their witnesses are available for deposition by the close of business May 2, 2008 and for those

depositions to occur within seven days after the production of the responsive documents or no later than May 18, 2008.

**DATED: April 30, 2008**                 Respectfully submitted,

AMFM BROADCASTING, INC.


By:  /s/ Yvette A. Heintzelman
          One of Its Attorneys


Yvette A. Heintzelman
Christopher A. Garcia
Justin K. Beyer
SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603
(312) 460-5000

CH1 11469765.1

## CERTIFICATE OF SERVICE

The undersigned, an attorney, does hereby certify that she caused a true and correct copy

of PLAINTIFF'S NOTICE OF MOTION, MOTION TO COMPEL, AND ORDER  to be sent to the

undersigned via regular mail and the Court's ECF filing system this 30th day of April, 2008:

       Sue Benton
       Sean Nash
       Winston & Strawn LLP
       35 West Wacker Drive
       Chicago, Illinois 60601

       sbenton@winston.com
       snash@winston.com

                /s/ Yvette A. Heintzelman
                   Yvette Heintzelman

# Exhibit A



131 South Dearborn Street

Suite 2400

Chicago, Illinois 60603

(312) 460-5000

fax (312) 460-7000

www.seyfarth.com

Writer's direct phone
(312) 460-5291

Writer's e-mail
yheintzelman@seyfarth.com

April 21, 2008

**VIA HAND DELIVERY**

Susan Benton
Sean Nash
Winston & Strawn
35 West Wacker Drive
Chicago, Illinois 60601

     Re:    AMFM Broadcasting, Inc. d/b/a v. Rebecca Osowiec and Citadel Broadcasting
          Corporation; Case No. 08 CV 1519

Dear Ms Benton and Mr. Nash:

     Enclosed are Notices of Deposition of Rebecca Osowiec, Jaclyn Savier, Gail Bylin, John
Gallagher and Daniel Manilla. As you may recall, the Court granted our Motion for Expedited
Discovery on March 17, 2008. The responses to discovery were due March 24, 2008. Accordingly,
I ask that you provide Plaintiff with all responsive discovery no later than April 25, 2008, so that we
may begin preparing for the depositions.

     If you have any questions, please do not hesitate to contact me. Thank you for your
anticipated courtesy and cooperation.

                  Best regards,

                  SEYFARTH SHAW LLP

                  Yvette A. Heintzelman

Enclosures
cc:   Christopher A. Garcia
      Justin K. Beyer

BRUSSELS   WASHINGTON, D.C.   SAN FRANCISCO   SACRAMENTO   NEW YORK   LOS ANGELES   HOUSTON   CHICAGO   BOSTON   ATLANTA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AMFM Broadcasting, Inc., a Delaware Corporation, d/b/a Clear Channel | ) ) ) | |
| | ) | |
| Plaintiff, | ) ) | Case No.  08 CV 1519 |
| v. | ) ) | Honorable Judge James B. Zagel |
| | ) | Magistrate Judge Morton Denlow |
| Rebecca Osowiec, an Illinois resident, and Citadel Broadcasting Corporation, a Nevada Corporation. | ) ) ) ) | |
| Defendants. | ) ) | |

## PLAINTIFF'S DEPOSITION NOTICE OF REBECCA OSOWIEC

Please take notice that, pursuant to the Federal Rules of Civil Procedure, Plaintiff,

AMFM Broadcasting, Inc., by and through its counsel, will take the deposition upon oral

examination of Rebecca Osowiec.  The deposition will commence at 9:00 am on May 5, 2008, at

the offices of Seyfarth Shaw LLP, 131 South Dearborn Street, Suite 2400, Chicago, Illinois

60603, telephone (312) 460-5000, and will continue from day to day (excluding Saturdays,

Sundays and federal holidays) until complete.

The deposition will be taken before an officer authorized to administer oaths and take

testimony and the deposition will be recorded stenographically, and may be recorded by a

videographer.  The deposition will be taken for the purpose of discovery, for use at the trial or

any hearing in this matter, and for any other purpose permitted under the Federal Rules of Civil

Procedure.

You are further commanded to bring all relevant documents in your possession as indicated by the attached rider.

**DATED: April 21, 2008**

Respectfully submitted,

AMFM BROADCASTING, INC.

By: _____

One of Its Attorneys

Yvette A. Heintzelman
Christopher A. Garcia
Justin K. Beyer
SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603
(312) 460-5000

-2-

CH1 11461631.1

## CERTIFICATE OF SERVICE

The undersigned, an attorney, does hereby certify that he caused a true and correct copy

of PLAINTIFF'S FIRST DEPOSITION NOTICE OF REBECCA OSOWIEC to be sent to the

undersigned by messenger delivery this 21st day of April, 2008:

Sue Benton
Sean Nash
Winston & Strawn LLP
35 West Wacker Drive
Chicago, Illinois 60601
snash@winston.com

CHI 11461631.1

## RIDER

**AMFM Broadcasting, Inc. d/b/a Clear Channel**

v.

**Rebecca Osowiec and Citadel Broadcasting Corporation**

**USDC Case No. 08 CV 1519**

## DEFINITIONS

A. As used herein, the term "DOCUMENT" or "DOCUMENTS" refers to any record or communication including without limitation, any kind of handwriting, typewriting, e-mail, printing, drawing, photograph, mechanical or electrical recording, computer tape or printout, accounting record or other form of communication or representation. The term "Document" also includes, without limitation, all tangible reproductions, books, papers, transcripts, correspondence, contracts, memoranda, drafts, invoices, summaries, notes and notations (long hand or typewritten), and references to or reflections of records of any statement, conversation, telephone call, meeting, event, or other oral communication or activity.

B. The terms "RELATE" and "RELATING TO" mean concerning, referring to, pertaining to, reflecting, evidencing, and/or supporting.

C. For purposes of this request, "COMMUNICATION" or "COMMUNICATIONS" shall mean and refer to any meeting, conversation (face-to-face, telephonic, or otherwise), discussion, telex message, cable, correspondence, message, tape-recorded message or other occurrences in which thoughts, opinions, or information are transmitted between or among two or more persons or between or among one or more persons and any electronic, photographic, or mechanical device or devices for receiving, transmitting, or storing data or other information.

D. For purposes of this request the term "CITADEL" refers to Defendant Citadel Broadcasting Corporation, Chicago FM Radio Assets, LLC., Alphabet Acquisition Corp. and/or WZZN (FM) radio in Chicago, Illinois and any individual working or acting on their behalf as an employee or agent.

E. "YOU" or "YOUR" shall mean and refer to Rebecca Osowiec or any individual acting on her behalf.

## DOCUMENTS TO BE PRODUCED

1.      All contracts, including any addenda or amendments, between YOU and CITADEL.

2.      All notes, letters or other communications between YOU and CITADEL

3.      All DOCUMENTS RELATING TO communications between YOU and any customers or subscribers of CITADEL.

4.      All DOCUMENTS RELATING TO communications between YOU and any customers or subscribers of AMFM Broadcasting, Inc., and/or Clear Channel, and/or WLIT (FM) between August 2007 to present.

5.      All DOCUMENTS RELATING TO work YOU performed on behalf of CITADEL from June 1, 2007 to present.

6.      All DOCUMENTS that in any way RELATE to or evidence your relationship with CITADEL.

7.      All DOCUMENTS that in any way RELATE to or evidence hours YOU worked in connection with YOUR employment and/or contract with CITADEL.

2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AMFM Broadcasting, Inc., a Delaware Corporation, d/b/a Clear Channel | ) ) ) | |
| Plaintiff, | ) ) | Case No.  08 CV 1519 |
| v. | ) ) ) | Honorable Judge James B. Zagel |
| Rebecca Osowiec, an Illinois resident, and Citadel Broadcasting Corporation, a Nevada Corporation. | ) ) ) ) | Magistrate Judge Morton Denlow |
| Defendants. | ) ) | |

## PLAINTIFF'S DEPOSITION NOTICE OF JACLYN SAVIER

Please take notice that, pursuant to the Federal Rules of Civil Procedure, Plaintiff,

AMFM Broadcasting, Inc., by and through its counsel, will take the deposition upon oral

examination of Jaclyn Savier.  The deposition will commence at 9:00 am on May 12, 2008, at the

offices of Seyfarth Shaw LLP, 131 South Dearborn Street, Suite 2400, Chicago, Illinois 60603,

telephone (312) 460-5000, and will continue from day to day (excluding Saturdays, Sundays and

federal holidays) until complete.

The deposition will be taken before an officer authorized to administer oaths and take

testimony and the deposition will be recorded stenographically, and may be recorded by a

videographer.  The deposition will be taken for the purpose of discovery, for use at the trial or

any hearing in this matter, and for any other purpose permitted under the Federal Rules of Civil

Procedure.

CHI 11462545.1

You are further commanded to bring all relevant documents in your possession as indicated by the attached rider.

**DATED: April 21, 2008**

Respectfully submitted,

AMFM BROADCASTING, INC.

By: _____
One of Its Attorneys

Yvette A. Heintzelman
Christopher A. Garcia
Justin K. Beyer
SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603
(312) 460-5000

CH1 11462545.1

## CERTIFICATE OF SERVICE

The undersigned, an attorney, does hereby certify that he caused a true and correct copy

of PLAINTIFF'S FIRST DEPOSITION NOTICE OF JACLYN SAVIER to be sent to the undersigned by

messenger delivery this 21st day of April, 2008:

Sue Benton
Sean Nash
Winston & Strawn LLP
35 West Wacker Drive
Chicago, Illinois 60601
snash@winston.com

CH1 11462545.1

<u>RIDER</u>

**AMFM Broadcasting, Inc. d/b/a Clear Channel**
v.
**Rebecca Osowiec and Citadel Broadcasting Corporation**

**USDC Case No. 08 CV 1519**

### DEFINITIONS

A.    As used herein, the term "DOCUMENT" or "DOCUMENTS" refers to any record or communication including without limitation, any kind of handwriting, typewriting, e-mail, printing, drawing, photograph, mechanical or electrical recording, computer tape or printout, accounting record or other form of communication or representation. The term "Document" also includes, without limitation, all tangible reproductions, books, papers, transcripts, correspondence, contracts, memoranda, drafts, invoices, summaries, notes and notations (long hand or typewritten), and references to or reflections of records of any statement, conversation, telephone call, meeting, event, or other oral communication or activity.

B.    The terms "RELATE" and "RELATING TO" mean concerning, referring to, pertaining to, reflecting, evidencing, and/or supporting.

C.    For purposes of this request, "COMMUNICATION" or "COMMUNICATIONS" shall mean and refer to any meeting, conversation (face-to-face, telephonic, or otherwise), discussion, telex message, cable, correspondence, message, tape-recorded message or other occurrences in which thoughts, opinions, or information are transmitted between or among two or more persons or between or among one or more persons and any electronic, photographic, or mechanical device or devices for receiving, transmitting, or storing data or other information.

D.    For purposes of this request the term "CITADEL" refers to Defendant Citadel Broadcasting Corporation, Chicago FM Radio Assets, LLC., Alphabet Acquisition Corp. and/or WZZN (FM) radio in Chicago, Illinois and any individual working or acting on their behalf as an employee or agent.

E.    "YOU" or "YOUR" shall mean and refer to Rebecca Osowiec or any individual acting on her behalf.

## DOCUMENTS TO BE PRODUCED

1.      All contracts, including any addenda or amendments, between YOU and CITADEL.

2.      All notes, letters or other communications between YOU and CITADEL

3.      All DOCUMENTS RELATING TO communications between YOU and any customers or subscribers of CITADEL.

4.      All DOCUMENTS RELATING TO communications between YOU and any customers or subscribers of AMFM Broadcasting, Inc., and/or Clear Channel, and/or WLIT (FM) between August 2007 to present.

5.      All DOCUMENTS RELATING TO work YOU performed on behalf of CITADEL from June 1, 2007 to present.

6.      All DOCUMENTS that in any way RELATE to or evidence your relationship with CITADEL.

7.      All DOCUMENTS that in any way RELATE to or evidence hours YOU worked in connection with YOUR employment and/or contract with CITADEL.

2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AMFM Broadcasting, Inc., a Delaware Corporation, d/b/a Clear Channel | ) | |
| | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Case No.  08 CV 1519 |
| | ) | |
| v. | ) | Honorable Judge James B. Zagel |
| | ) | |
| Rebecca Osowiec, an Illinois resident, and | ) | Magistrate Judge Morton Denlow |
| Citadel Broadcasting Corporation, a Nevada | ) | |
| Corporation. | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S DEPOSITION NOTICE OF GAIL BYLIN

Please take notice that, pursuant to the Federal Rules of Civil Procedure, Plaintiff,

AMFM Broadcasting, Inc., by and through its counsel, will take the deposition upon oral

examination of Gail Bylin.  The deposition will commence at 2:00 pm on May 9, 2008, at the

offices of Seyfarth Shaw LLP, 131 South Dearborn Street, Suite 2400, Chicago, Illinois 60603,

telephone (312) 460-5000, and will continue from day to day (excluding Saturdays, Sundays and

federal holidays) until complete.

The deposition will be taken before an officer authorized to administer oaths and take

testimony and the deposition will be recorded stenographically, and may be recorded by a

videographer.  The deposition will be taken for the purpose of discovery, for use at the trial or

any hearing in this matter, and for any other purpose permitted under the Federal Rules of Civil

Procedure.

CH1 11461642.1

DATED: April 21, 2008

Respectfully submitted,

AMFM BROADCASTING, INC.

By _____
One of Its Attorneys

Yvette A. Heintzelman
Christopher A. Garcia
Justin K. Beyer
SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603
(312) 460-5000

-2-

CH1 11461642.1

## CERTIFICATE OF SERVICE

The undersigned, an attorney, does hereby certify that he caused a true and correct copy

of PLAINTIFF'S FIRST DEPOSITION NOTICE OF GAIL BYLIN to be sent to the undersigned by

messenger delivery this 21st day of April, 2008:

Sue Benton
Sean Nash
Winston & Strawn LLP
35 West Wacker Drive
Chicago, Illinois 60601
snash@winston.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AMFM Broadcasting, Inc., a Delaware Corporation, d/b/a Clear Channel | ) ) ) | |
| | ) | |
| Plaintiff, | ) | Case No.  08 CV 1519 |
| | ) | |
| v. | ) | Honorable Judge James B. Zagel |
| | ) | |
| Rebecca Osowiec, an Illinois resident, and Citadel Broadcasting Corporation, a Nevada Corporation. | ) ) ) | Magistrate Judge Morton Denlow |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S DEPOSITION NOTICE OF JOHN GALLAGHER

Please take notice that, pursuant to the Federal Rules of Civil Procedure, Plaintiff,

AMFM Broadcasting, Inc., by and through its counsel, will take the deposition upon oral

examination of John Gallagher.  The deposition will commence at 9:00 am on May 9, 2008, at

the offices of Seyfarth Shaw LLP, 131 South Dearborn Street, Suite 2400, Chicago, Illinois

60603, telephone (312) 460-5000, and will continue from day to day (excluding Saturdays,

Sundays and federal holidays) until complete.

The deposition will be taken before an officer authorized to administer oaths and take

testimony and the deposition will be recorded stenographically, and may be recorded by a

videographer.  The deposition will be taken for the purpose of discovery, for use at the trial or

any hearing in this matter, and for any other purpose permitted under the Federal Rules of Civil

Procedure.

CHI 11461639.1

You are further commanded to bring all relevant documents in your possession as indicated by the attached rider.

**DATED: April 21, 2008**

Respectfully submitted,

AMFM BROADCASTING, INC.

By: _____
One of Its Attorneys

Yvette A. Heintzelman
Christopher A. Garcia
Justin K. Beyer
SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603
(312) 460-5000

-2-

CHI 11461639.1

## CERTIFICATE OF SERVICE

The undersigned, an attorney, does hereby certify that he caused a true and correct copy

of PLAINTIFF'S FIRST DEPOSITION NOTICE OF JOHN GALLAGHER to be sent to the undersigned

by personal delivery this 21st day of April, 2008:

Sue Benton
Sean Nash
Winston & Strawn LLP
35 West Wacker Drive
Chicago, Illinois 60601
snash@winston.com

CHI 11461639.1

<u>RIDER</u>

**AMFM Broadcasting, Inc. d/b/a Clear Channel**

**v.**

**Rebecca Osowiec and Citadel Broadcasting Corporation**

**USDC Case No. 08 CV 1519**

## DEFINITIONS

A.    As used herein, the term "DOCUMENT" or "DOCUMENTS" refers to any record or communication including without limitation, any kind of handwriting, typewriting, e-mail, printing, drawing, photograph, mechanical or electrical recording, computer tape or printout, accounting record or other form of communication or representation. The term "Document" also includes, without limitation, all tangible reproductions, books, papers, transcripts, correspondence, contracts, memoranda, drafts, invoices, summaries, notes and notations (long hand or typewritten), and references to or reflections of records of any statement, conversation, telephone call, meeting, event, or other oral communication or activity.

B.    The terms "RELATE" and "RELATING TO" mean concerning, referring to, pertaining to, reflecting, evidencing, and/or supporting.

C.    For purposes of this request, "COMMUNICATION" or "COMMUNICATIONS" shall mean and refer to any meeting, conversation (face-to-face, telephonic, or otherwise), discussion, telex message, cable, correspondence, message, tape-recorded message or other occurrences in which thoughts, opinions, or information are transmitted between or among two or more persons or between or among one or more persons and any electronic, photographic, or mechanical device or devices for receiving, transmitting, or storing data or other information.

D.    For purposes of this request the term "CITADEL" refers to Defendant Citadel Broadcasting Corporation, Chicago FM Radio Assets, LLC., Alphabet Acquisition Corp. and/or WZZN (FM) radio in Chicago, Illinois and any individual working or acting on their behalf as an employee or agent.

E.    "YOU" or "YOUR" shall mean and refer to John Gallagher or any individual acting on his behalf.

LA1 6670497.1
CH1 11462952.3

## DOCUMENTS TO BE PRODUCED

1.    All contracts, including any addenda or amendments, between YOU or CITADEL and Rebecca Osowiec and/or Jacqueline Savier.

2.    All notes, letters or other communications between YOU or CITADEL and Rebecca Osowiec and/or Jacquelyn Savier

3.    All DOCUMENTS RELATING TO communications between YOU and/or CITADEL and any customers or subscribers of AMFM Broadcasting, Inc., and/or Clear Channel, and/or WLIT (FM) between August 2007 to present.

4.    All DOCUMENTS RELATING TO work Rebecca Osowiec and/or Jacqueline Savier performed on behalf of CITADEL from January 1, 2007 to present.

5.    All DOCUMENTS that in any way RELATE to or evidence the relationship between CITADEL and Rebecca Osowiec and/or Jacquelyn Savier.

6.    All DOCUMENTS that in any way RELATE to or evidence hours worked by Rebecca Osowiec and Jacquelyn Savier in connection with their employment and/or contract with CITADEL.

2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AMFM Broadcasting, Inc., a Delaware Corporation, d/b/a Clear Channel | ) ) ) | |
| | ) | |
| Plaintiff, | ) | Case No.  08 CV 1519 |
| | ) | |
| v. | ) | Honorable Judge James B. Zagel |
| | ) | |
| Rebecca Osowiec, an Illinois resident, and Citadel Broadcasting Corporation, a Nevada Corporation. | ) ) ) | Magistrate Judge Morton Denlow |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S DEPOSITION NOTICE OF DANIEL MANILLA

Please take notice that, pursuant to the Federal Rules of Civil Procedure, Plaintiff,

AMFM Broadcasting, Inc., by and through its counsel, will take the deposition upon oral

examination of Daniel Manilla.  The deposition will commence at 9:00 am on May 7, 2008, at

the offices of Seyfarth Shaw LLP, 131 South Dearborn Street, Suite 2400, Chicago, Illinois

60603, telephone (312) 460-5000, and will continue from day to day (excluding Saturdays,

Sundays and federal holidays) until complete.

The deposition will be taken before an officer authorized to administer oaths and take

testimony and the deposition will be recorded stenographically, and may be recorded by a

videographer.  The deposition will be taken for the purpose of discovery, for use at the trial or

any hearing in this matter, and for any other purpose permitted under the Federal Rules of Civil

Procedure.

CH1 11461637.1

You are further commanded to bring all relevant documents in your possession as indicated by the attached rider.

**DATED: April 21, 2008**

Respectfully submitted,

AMFM BROADCASTING, INC.

By: _____
One of Its Attorneys

Yvette A. Heintzelman
Christopher A. Garcia
Justin K. Beyer
SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603
(312) 460-5000

-2-

## CERTIFICATE OF SERVICE

The undersigned, an attorney, does hereby certify that he caused a true and correct copy

of PLAINTIFF'S FIRST DEPOSITION NOTICE OF DANIEL MANILLA to be sent to the undersigned

by personal service this 21st day of April, 2008:

Sue Benton
Sean Nash
Winston & Strawn LLP
35 West Wacker Drive
Chicago, Illinois 60601
snash@winston.com

CH1 11461637.1

<u>RIDER</u>

**AMFM Broadcasting, Inc. d/b/a Clear Channel**

v.

**Rebecca Osowiec and Citadel Broadcasting Corporation**

**USDC Case No. 08 CV 1519**

## DEFINITIONS

A.    As used herein, the term "DOCUMENT" or "DOCUMENTS" refers to any record or communication including without limitation, any kind of handwriting, typewriting, e-mail, printing, drawing, photograph, mechanical or electrical recording, computer tape or printout, accounting record or other form of communication or representation. The term "Document" also includes, without limitation, all tangible reproductions, books, papers, transcripts, correspondence, contracts, memoranda, drafts, invoices, summaries, notes and notations (long hand or typewritten), and references to or reflections of records of any statement, conversation, telephone call, meeting, event, or other oral communication or activity.

B.    The terms "RELATE" and "RELATING TO" mean concerning, referring to, pertaining to, reflecting, evidencing, and/or supporting.

C.    For purposes of this request, "COMMUNICATION" or "COMMUNICATIONS" shall mean and refer to any meeting, conversation (face-to-face, telephonic, or otherwise), discussion, telex message, cable, correspondence, message, tape-recorded message or other occurrences in which thoughts, opinions, or information are transmitted between or among two or more persons or between or among one or more persons and any electronic, photographic, or mechanical device or devices for receiving, transmitting, or storing data or other information.

D.    For purposes of this request the term "CITADEL" refers to Defendant Citadel Broadcasting Corporation, Chicago FM Radio Assets, LLC., Alphabet Acquisition Corp. and/or WZZN (FM) radio in Chicago, Illinois and any individual working or acting on their behalf as an employee or agent.

E.    "YOU" or "YOUR" shall mean and refer to Daniel Manilla or any individual acting on his behalf.

## DOCUMENTS TO BE PRODUCED

1.    All contracts, including any addenda or amendments, between YOU or CITADEL and Rebecca Osowiec and/or Jacqueline Savier.

2.    All notes, letters or other communications between YOU or CITADEL and Rebecca Osowiec and/or Jacquelyn Savier

3.    All DOCUMENTS RELATING TO communications between YOU and/or CITADEL and any customers or subscribers of AMFM Broadcasting, Inc., and/or Clear Channel, and/or WLIT (FM) between August 2007 to present.

4.    All DOCUMENTS RELATING TO work Rebecca Osowiec and/or Jacqueline Savier performed on behalf of CITADEL from January 1, 2007 to present.

5.    All DOCUMENTS that in any way RELATE to or evidence the relationship between CITADEL and Rebecca Osowiec and/or Jacquelyn Savier.

6.    All DOCUMENTS that in any way RELATE to or evidence hours worked by Rebecca Osowiec and Jacquelyn Savier in connection with their employment and/or contract with CITADEL.

2

# Exhibit B

# WINSTON & STRAWN LLP

| | | |
|---|---|---|
| 43 RUE DU RHONE<br>1204 GENEVA, SWITZERLAND | 35 WEST WACKER DRIVE<br>CHICAGO, ILLINOIS 60601-9703 | 200 PARK AVENUE<br>NEW YORK, NEW YORK 10166-4193 |
| 99 GRESHAM STREET<br>LONDON EC2V 7NG | (312) 558-5600 | 25 AVENUE MARCEAU<br>75116 PARIS, FRANCE |
| 333 SOUTH GRAND AVENUE<br>LOS ANGELES, CALIFORNIA 90071-1543 | FACSIMILE (312) 558-5700 | 101 CALIFORNIA STREET<br>SAN FRANCISCO, CALIFORNIA 94111-5894 |
| | www.winston.com | 1700 K STREET, N.W.<br>WASHINGTON, D.C. 20006-3817 |

SUSAN M. BENTON
(312) 558-5957
sbenton@winston.com

April 22, 2008

**VIA EMAIL AND US MAIL**

Yvette A. Hientzelman
Seyfarth & Shaw LL
131 South Dearborn, Suite 2400
Chicago, IL 60603

Re:    **AMFM Broadcasting, Inc. d/b/a v. Rebecca Osowiec and Citadel
Broadcasting Corporation; Case No. 08 CV 1519**

Dear Yvette:

　　　　We received this morning your notices of deposition and request that we respond to your written discovery by April 25, 2008. There is no expedited discovery order in place. The expedited discovery order of March 17, 20087 was issued in conjunction with an order setting hearing on Clear Channel's application for a preliminary injunction on March 25, 2008. That order expressly expired on March 27, 2008 at 5:00 p.m. On March 20, 2008, the Judge, on agreed order, entered and continued both the expedited discovery and hearing dates. On March 27, 2008, the parties appeared before Judge Zagel and he set an evidentiary hearing on the TRO for April 7, 2008. On April 17, 2008, Judge Zagel denied any extension of the TRO issued on March 17, 2008. As you acknowledged in paragraph 8 of your Reply to Defendants' Opposition To Plaintiff's Motion for Temporary Restraining Order, there is no outstanding expedited discovery order in this case.

　　　　Please contact me to discuss terms of a Joint Proposed Scheduling Order so that we can proceed with written and oral discovery.

　　　　　　　　　　　Very truly yours,

　　　　　　　　　　　Susan M. Benton

SMB:tm
cc:　　J. Orr
　　　　S. Nash

CHI:2080800.1

Exhibit C

# SEYFARTH
### ATTORNEYS
## SHAW LLP

131 South Dearborn Street

Suite 2400

Chicago, Illinois 60603

(312) 460-5000

fax (312) 460-7000

www.seyfarth.com

Writer's direct phone

(312) 460-5291

Writer's e-mail

yheintzelman@seyfarth.com

April 22, 2008

## VIA EMAIL DELIVERY

Susan Benton
Winston & Strawn
35 West Wacker Drive
Chicago, Illinois 60601

      Re:    AMFM Broadcasting, Inc. d/b/a v. Rebecca Osowiec and Citadel Broadcasting
              Corporation; Case No. 08 CV 1519

Dear Sue:

      I received your letter dated today regarding plaintiff's notice of deposition and request for production of documents. While I understand your position, I cannot agree to a long drawn-out discovery process. I would like to move this case forward by receiving a response to our document request and taking the depositions for which I have served notice.

      Local Rule 26.1 does not require the submission of a Joint Scheduling Report absent an order by the Court. Judge Zagel has entered no such order. I am, however, willing to work with you to set up agreeable deadlines and deposition dates. Accordingly, please let me know when Defendants can gather the responsive documents and produce them to Plaintiff as well as provide me with available dates for the depositions of Rebecca Osowiec, Dan Manilla, Jackie Savier, Gail Bylin and John Gallagher.

      I have attached Plaintiff's initial disclosures for purposes of satisfying Rule 26. I need not wait to receive yours before we move forward with discovery. I will also send a draft protective order for purposes of discovery and depositions.

BRUSSELS  WASHINGTON, D.C.  SAN FRANCISCO  SACRAMENTO  NEW YORK  LOS ANGELES  HOUSTON  CHICAGO  BOSTON  ATLANTA

CH1 11463733.1



If you have any questions, please do not hesitate to contact me. I am out of the office and ask that you contact me on my cell phone if you would like to discuss these or any other issues in this case.

Thank you for your anticipated courtesy and cooperation.

Best regards,

SEYFARTH SHAW LLP

Yvette A. Heintzelman

Enclosure
cc:    Christopher A. Garcia
       Justin K. Beyer

CH1 11463733.1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AMFM Broadcasting, Inc., a Delaware Corporation, d/b/a Clear Channel | ) ) ) | |
| | ) | |
| Plaintiff, | ) ) | Case No.  08 CV 1519 |
| | ) | |
| v. | ) ) | Honorable Judge James B. Zagel |
| | ) | Magistrate Judge Morton Denlow |
| Rebecca Osowiec, an Illinois resident, and Citadel Broadcasting Corporation, a Nevada Corporation. | ) ) ) | Jury Trial Demanded |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S RULE 26(A)(1) INITIAL DISCLOSURES

NOW COMES Plaintiff AMFM Broadcasting, Inc. d/b/a Clear Channel, by and through its attorneys, and pursuant to Rule 26 of the Federal Rules of Civil Procedure, hereby submits the following disclosures.

Individuals

Pursuant to Rule 26(a)(1)(A), Plaintiff states that at this time it believes the following individuals, in addition to and any witnesses identified by Defendants, are likely to have discoverable information that it may use to support its claims.

1.  **Earl Jones** –Mr. Jones is likely to have discoverable information regarding Plaintiff's training for sales personnel, its sales and marketing process and procedures, client information, and trade secret information.  Mr. Jones will have information consistent with his testimony at the hearing on April 7, 2008.  Mr. Jones may be contacted through Plaintiff's counsel.

2.  **Ken Denton** - Mr. Denton is likely to have discoverable information regarding Plaintiff's training for sales personnel, its sales and marketing process and procedures, client information, and trade secret information.  Mr. Denton will have information concerning Plaintiff's non-competes and will provide information consistent with his testimony at the hearing on April 7, 2008.  Mr. Denton may be contacted through Plaintiff's counsel.

3.   **Nancy O'Brien** – Ms. O'Brien is likely to have discoverable information regarding Plaintiff's training for sales personnel, its sales and marketing process and procedures, client information, and trade secret information. Ms. O'Brien will also have information concerning Plaintiff's non-compete agreements, the agreement signed by Ms. Osowiec, the clients' which Ms. Osowiec had interactions, and her conversations with Ms. Osowiec regarding her work and termination of her employment. She will provide information consistent with his testimony at the hearing on April 7, 2008. Ms. O'Brien may be contacted through Plaintiff's counsel.

4.   **Emily Ruffner** – Ms. Ruffner is likely to have discoverable information regarding Plaintiff's training for sales personnel, its sales and marketing process and procedures, client information, and trade secret information. Ms. Ruffner will also have information concerning Plaintiff's non-compete agreements, the agreement signed by Ms. Osowiec, and her conversations with Ms. Osowiec regarding her work and termination of her employment. She will provide information consistent with his testimony at the hearing on April 7, 2008. Ms. Ruffner may be contacted through Plaintiff's counsel.

5.   **Rebecca Osowiec** - Ms. Osowiec is likely to have discoverable information regarding Plaintiff's training, its sales and marketing process and procedures, client information, trade secret information, her non-compete agreement, and her conversations and communications with Defendant regarding her work and termination of her employment.

6.   **Jaclyn Savier** – Ms. Savier is likely to have discoverable information regarding Plaintiff's training, its sales and marketing process and procedures, client information, trade secret information, her non-compete agreement, and her conversations and communications with Defendant regarding her work and termination of her employment.

7.   **John Gallagher** – Mr. Gallagher is likely to have discoverable information about Defendants' access and use of Plaintiff's protectable information.

8.   **Daniel Manilla** – Mr. Manilla is likely to have discoverable information about Defendants access and use of Plaintiff's protectable information.

9.   **Gail Bylin** – Ms. Bylin is likely to have discoverable information about Ms. Osowiec's employment by Defendant.

Documents

Without waiving any objection to the production of any document, including but not

limited to objections based on privilege, relevance, and privacy, Plaintiff identifies the following

-2-

category of documents, data compilations, and tangible things that are in the possession of

Plaintiff and its counsel and may be used to support its claims:

1. Plaintiff training process and procedures.

2. Documents and correspondence relating to Ms. Osowiec's non-compete agreement.

3. Plaintiff's human resources policies and employee manual.

4. Plaintiff's rate, promotion and client information.

5. Documents exchanged by the parties during the pendency of this action.

Damages

At this time, Plaintiff has incurred damages in the amount of to be determined at trial.

Plaintiff believes that discovery will disclose additional damages and will seek its costs and/or

reasonable attorney's fees consistent with the Federal Rules of Civil Procedure and applicable

case law.

Insurance Agreements

Plaintiff does not have insurance for this matter.

*    *    *    *    *

Plaintiff's investigation of the claims and defenses in this matter is continuing.

Defendant therefore reserves the right to supplement this disclosure at a future date.

Furthermore, by making this disclosure, Plaintiff does not intend to waive, nor has it waived, any

confidential trade secret protection, the attorney-client, work product, or other privileges, or any

objections it may have to the introduction of evidence in this proceeding.

**DATED: April 22, 2008**

Respectfully submitted,

AMFM BROADCASTING, INC.

By: *Yvette A. Heintzelman*
One of Its Attorneys

Yvette A. Heintzelman
Christopher A. Garcia
Justin K. Beyer
SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603
(312) 460-5000

-4-

CHI 11463626.1

## CERTIFICATE OF SERVICE

The undersigned, an attorney, does hereby certify that she caused a true and correct copy of PLAINTIFF'S INITIAL DISCLOSURES to be sent to the undersigned via e-mail this 22nd day of April, 2008:

> Sue Benton
> Sean Nash
> Winston & Strawn LLP
> 35 West Wacker Drive
> Chicago, Illinois 60601
> snash@winston.com

CHI 11463626.1

Exhibit D

# SEYFARTH
**ATTORNEYS** SHAW LLP

131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603
(312) 460-5000
fax (312) 460-7000
www.seyfarth.com

Writer's direct phone
(312) 460-5291

Writer's e-mail
yheintzelman@seyfarth.com

April 28, 2008

**VIA EMAIL DELIVERY
AND REGULAR MAIL**

Susan Benton
Winston & Strawn
35 West Wacker Drive
Chicago, Illinois 60601

Re:     AMFM Broadcasting, Inc. d/b/a v. Rebecca Osowiec and Citadel Broadcasting
Corporation; Case No. 08 CV 1519

Dear Sue:

As we discussed today, I received your letter dated April 22, 2008 regarding plaintiff's notice of deposition and request for production of documents. While I understand your position, based upon the agreed order that was entered by the court on April 22, 2008, I cannot agree to a drawn-out discovery process. We would like to move this case forward by receiving a response to our document request and taking the depositions for which we have served notice.

As we discussed, Local Rule 26.1 does not require the submission of a Joint Scheduling Report absent an order by the Court. Judge Zagel has entered no such order. As we also discussed today, I am willing to work with you to set up agreeable deadlines and deposition dates. I asked for dates when your witnesses are available and a date when Defendant can produce documents. Rather than agreeing to provide me with available dates, you stated that you wanted to wait for the status conference on May 2, 2008 in order to ask the court to set discovery deadlines further out in time.

Please understand that it is Plaintiff's position that this case should move forward expeditiously. We served the request for production of documents on March 17, 2008. More than thirty days have gone by and you have yet to respond or provide a date for your responses. More importantly, by failing to respond, Defendant has waived any objections to the requests.

It would be patently unfair for the court to set a deadline for the parties to exchange discovery when Defendants have done nothing to preserve their rights. Accordingly, please let me know when Defendants can gather the responsive documents and produce them to Plaintiff as well as provide me with available dates for the depositions of Rebecca Osowiec, Dan Manilla, Jackie

BRUSSELS

WASHINGTON, D.C.

SAN FRANCISCO

SACRAMENTO

NEW YORK

LOS ANGELES

HOUSTON

CHICAGO

BOSTON

ATLANTA

CHI 11468353.1



Savier, Gail Bylin and John Gallagher.  If I do not receive a response from you by Wednesday, April 30, 2008, I intend to file a Motion to Compel production of documents and witnesses so that the issue is properly before the court at the status conference on May 2, 2008.

I have attached Plaintiff's initial disclosures for purposes of satisfying Rule 26.  I need not wait to receive yours before we move forward with discovery.  If you would like us to enter a protective order for purposes of discovery and depositions, please send a draft to my attention..

If you have any questions, please do not hesitate to contact me.  Thank you for your anticipated courtesy and cooperation.

Best regards,

SEYFARTH SHAW LLP

Yvette A. Heintzelman

Enclosure
cc:    Christopher A. Garcia
       Justin K. Beyer

CH1 11468353.1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| AMFM Broadcasting, Inc., a Delaware Corporation, d/b/a Clear Channel | ) ) ) | |
| Plaintiff, | ) ) | Case No.  08 CV 1519 |
| v. | ) ) | Honorable Judge James B. Zagel |
| Rebecca Osowiec, an Illinois resident, and Citadel Broadcasting Corporation, a Nevada Corporation. | ) ) ) ) | Magistrate Judge Morton Denlow Jury Trial Demanded |
| Defendants. | ) ) | |

### PLAINTIFF'S RULE 26(A)(1) INITIAL DISCLOSURES

NOW COMES Plaintiff AMFM Broadcasting, Inc. d/b/a Clear Channel, by and through

its attorneys, and pursuant to Rule 26 of the Federal Rules of Civil Procedure, hereby submits the

following disclosures.

<u>Individuals</u>

Pursuant to Rule 26(a)(1)(A), Plaintiff states that at this time it believes the following

individuals, in addition to and any witnesses identified by Defendants, are likely to have

discoverable information that it may use to support its claims.

1. **Earl Jones** –Mr. Jones is likely to have discoverable information regarding Plaintiff's training for sales personnel, its sales and marketing process and procedures, client information, and trade secret information.  Mr. Jones will have information consistent with his testimony at the hearing on April 7, 2008.  Mr. Jones may be contacted through Plaintiff's counsel.

2. **Ken Denton** - Mr. Denton is likely to have discoverable information regarding Plaintiff's training for sales personnel, its sales and marketing process and procedures, client information, and trade secret information.  Mr. Denton will have information concerning Plaintiff's non-competes and will provide information consistent with his testimony at the hearing on April 7, 2008.  Mr. Denton may be contacted through Plaintiff's counsel.

3.     **Nancy O'Brien** – Ms. O'Brien is likely to have discoverable information regarding Plaintiff's training for sales personnel, its sales and marketing process and procedures, client information, and trade secret information. Ms. O'Brien will also have information concerning Plaintiff's non-compete agreements, the agreement signed by Ms. Osowiec, the clients' which Ms. Osowiec had interactions, and her conversations with Ms. Osowiec regarding her work and termination of her employment. She will provide information consistent with his testimony at the hearing on April 7, 2008. Ms. O'Brien may be contacted through Plaintiff's counsel.

4.     **Emily Ruffner** – Ms. Ruffner is likely to have discoverable information regarding Plaintiff's training for sales personnel, its sales and marketing process and procedures, client information, and trade secret information. Ms. Ruffner will also have information concerning Plaintiff's non-compete agreements, the agreement signed by Ms. Osowiec, and her conversations with Ms. Osowiec regarding her work and termination of her employment. She will provide information consistent with his testimony at the hearing on April 7, 2008. Ms. Ruffner may be contacted through Plaintiff's counsel.

5.     **Rebecca Osowiec** - Ms. Osowiec is likely to have discoverable information regarding Plaintiff's training, its sales and marketing process and procedures, client information, trade secret information, her non-compete agreement, and her conversations and communications with Defendant regarding her work and termination of her employment.

6.     **Jaclyn Savier** – Ms. Savier is likely to have discoverable information regarding Plaintiff's training, its sales and marketing process and procedures, client information, trade secret information, her non-compete agreement, and her conversations and communications with Defendant regarding her work and termination of her employment.

7.     **John Gallagher** – Mr. Gallagher is likely to have discoverable information about Defendants' access and use of Plaintiff's protectable information.

8.     **Daniel Manilla** – Mr. Manilla is likely to have discoverable information about Defendants access and use of Plaintiff's protectable information.

9.     **Gail Bylin** – Ms. Bylin is likely to have discoverable information about Ms. Osowiec's employment by Defendant.

Documents

     Without waiving any objection to the production of any document, including but not limited to objections based on privilege, relevance, and privacy, Plaintiff identifies the following category of documents, data compilations, and tangible things that are in the possession of

Plaintiff and its counsel and may be used to support its claims, subject to the parties entering into an appropriate protective order:

1.  Plaintiff training process and procedures.

2.  Documents and correspondence relating to Ms. Osowiec's non-compete agreement.

3.  Plaintiff's human resources policies and employee manual.

4.  Plaintiff's rate, promotion and client information.

5.  Documents exchanged by the parties during the pendency of this action.

Damages

At this time, Plaintiff has incurred damages in the amount of to be determined at trial. Plaintiff believes that discovery will disclose additional damages and will seek its costs and/or reasonable attorney's fees consistent with the Federal Rules of Civil Procedure and applicable case law.

Insurance Agreements

Plaintiff does not have insurance for this matter.

*     *     *     *     *

Plaintiff's investigation of the claims and defenses in this matter is continuing. Defendant therefore reserves the right to supplement this disclosure at a future date. Furthermore, by making this disclosure, Plaintiff does not intend to waive, nor has it waived, any

-3-

confidential trade secret protection, the attorney-client, work product, or other privileges, or any

objections it may have to the introduction of evidence in this proceeding.

**DATED: April 28, 2008**

Respectfully submitted,

AMFM BROADCASTING, INC.

By: _____
        One of Its Attorneys

Yvette A. Heintzelman
Christopher A. Garcia
Justin K. Beyer
SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603
(312) 460-5000

-4-

## CERTIFICATE OF SERVICE

The undersigned, an attorney, does hereby certify that she caused a true and correct copy

of PLAINTIFF'S INITIAL DISCLOSURES to be sent to the undersigned via e-mail and regular mail

by placing a copy in the U.S. Mail this 28nd day of April, 2008:

> Sue Benton
> Sean Nash
> Winston & Strawn LLP
> 35 West Wacker Drive
> Chicago, Illinois 60601
> snash@winston.com

Yvette Heintzelman

CHI 11463626.1